UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DEMONE ROYELIO SMITH, | Case No. 12-CV-0163 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| J. BUCK, City of Brooklyn Park Police Officer, | |
| Defendant. | |

Demone Royelio Smith, pro se.

Stephanie A. Angolkar and Jon K. Iverson, IVERSON REUVERS CONDON, for defendant.

Plaintiff Demone Smith brought this action under 42 U.S.C. § 1983, alleging that defendant Jason Buck used excessive force against Smith during an arrest. Specifically, Smith alleges that Buck's use of a police dog, which bit Smith while Smith was being arrested, was excessive force.

In a Report and Recommendation ("R&R") dated January 23, 2013, Magistrate Judge Janie S. Mayeron recommended granting Buck's motion to dismiss or for summary judgment. ECF No. 41. Smith asked for an extension of time in which to object to the R&R. ECF No. 42. The Court granted Smith's motion for an extension and ordered that his objection was due no later than February 15, 2013. ECF No. 43. The Court did not receive any objection by that date, and it accordingly adopted the R&R on February 19, 2013 and entered judgment. ECF Nos. 45, 46.

A few days later, Smith's objection arrived in the mail with a certificate of service stating that Smith mailed the objection on February 14, 2013. ECF Nos. 47, 49. (The objection was

accompanied by a motion for Judge Mayeron to recuse, which Judge Mayeron has since denied. ECF Nos. 48, 50.) Smith has also filed a separate motion for reconsideration on the basis of the prison-mailbox rule. ECF No. 51. Finally, Smith has filed an objection to Judge Mayeron's denial of his motion to recuse. ECF No. 53.

Because Smith placed his objection to the R&R in the mail before the due date, the Court grants his motion for reconsideration and considers his objection. Having conducted a de novo review, *see* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), the Court agrees with Judge Mayeron that defendant Buck is, at a minimum, entitled to qualified immunity. The squad videos of the arrest establish beyond dispute that Smith was extremely uncooperative. Smith repeatedly got back in his truck in defiance of the officers' commands, giving the officers reason to believe that Smith might precipitate a dangerous car chase through rush-hour traffic on a major road. The videos also establish beyond dispute that Buck shouted two warnings before deploying the dog, which then grabbed Smith's jacket and pulled him toward the arresting officers. Smith faults Buck for redeploying the dog without warning after Smith got down on his knees (at which point the dog bit Smith). But given that Smith had already been warned, had already disobeyed numerous commands, had not yet been searched for weapons, and was not yet secure, it was not clearly established that the continued use of the dog to aid in the arrest was unlawful. Smith's objection to the R&R is therefore overruled.

With respect to Smith's recusal motion and related objection: After Smith's arrest, he was convicted of conspiracy to distribute cocaine. *United States v. Smith*, No. 08-CR-0395 (RHK/JJG), ECF No. 637 (D. Minn. June 30, 2010). In the course of the criminal proceedings, Judge Mayeron presided over Smith's detention hearing. *Id.* ECF No. 6. Smith alleges that, at

that hearing, Judge Mayeron heard evidence favorable to him. Specifically, Smith claims that a DEA agent testified that Smith did not resist arrest. Smith seems to suggest that Judge Mayeron deliberately ignored this evidence. Smith further argues that Judge Mayeron should not have ruled on a motion seeking her own recusal.

Smith's recusal motion is denied — and the related objection is overruled — for three reasons:

First, Smith's recusal motion is extraordinarily untimely. *See Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (motion for recusal must be raised at the earliest possible moment after obtaining knowledge of relevant facts). For that reason alone, it is denied.

Second, Judge Mayeron did not act improperly in ruling on Smith's motion in the first instance. "There is no requirement that a § 455 motion to disqualify be heard by a different judge than the one whose disqualification it seeks. Indeed, such motions are almost always decided by the judge whose recusal is sought." *United States v. Hogeland*, Case No. 10-CR-0061 (PJS/AJB), 2012 WL 4868904, at *8 n. 9 (D. Minn. Oct. 15, 2012) (citation omitted).

Finally, Smith's motion is meritless. Smith bases his motion not on anything that Judge Mayeron learned about his case outside of her judicial duties, but on facts that she allegedly learned while presiding at a detention hearing. Putting aside the fact that the transcript of that hearing flatly contradicts Smith's characterization of the evidence presented at that hearing,[1]

---

[1]In his objection to Judge Mayeron's denial of his recusal motion, Smith states that he intends to submit the transcript of the detention hearing. Smith has not done so, but the Court has reviewed the transcript, which is docketed at ECF No. 724 in 08-CR-0395. The transcript does not support Smith's claim that the DEA agent's testimony was favorable to him. To the contrary, the agent testified that Smith was uncooperative during his arrest, which is entirely consistent with the evidence presented in this case. *Id.* at 13-16. Moreover, the agent's testimony was hearsay, as he was not present during the arrest. *Id.* at 12. To the extent Smith

"opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Absolutely nothing that Judge Mayeron has done or said in the course of this litigation or Smith's criminal case "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* No reasonable person could question Judge Mayeron's impartiality.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for reconsideration [ECF No. 51] is GRANTED.

2. The February 19, 2013 judgment [ECF No. 46] is VACATED.

3. Plaintiff's objections [ECF Nos. 47, 53] are OVERRULED and the R&R [ECF No. 41] is ADOPTED.

4. This action is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 17, 2013         s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge

---

suggests that Judge Mayeron deliberately ignored evidence favorable to him, his argument is specious.