UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DEMONE ROYELIO SMITH, | Case No. 12-CV-0163 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| JASON BUCK, | |
| Defendant. | |

---

Timothy M. Phillips and Joshua R. Williams for plaintiff.

Nathan C. Midolo and Jon K. Iverson, IVERSON REUVERS CONDON, for defendant.

Plaintiff Demone Smith brings this action under 42 U.S.C. § 1983, alleging that defendant Jason Buck used excessive force against Smith during an arrest. Specifically, Smith alleges that Buck's use of a police dog (which bit Smith while Smith was being arrested) was excessive force.

The Court granted Buck's motion for summary judgment, holding that Buck was entitled to qualified immunity on the issue of whether deploying the police dog a second time during the arrest was reasonable. ECF No. 55. Buck also argued that he was entitled to summary judgment because Smith's injuries were *de minimis*. *See Chambers v. Pennycook*, 641 F.3d 898, 906-09 (8th Cir. 2011) (clarifying that a plaintiff need not show more than *de minimis* injury to establish excessive force, but holding that defendants were entitled to qualified immunity because a reasonable officer could have

believed otherwise at the time of the incident). The Court did not adopt Buck's *de minimis* argument, however.

The United States Court of Appeals for the Eighth Circuit reversed the Court's judgment, holding that, viewing the evidence in the light most favorable to Smith, "a reasonable officer would not think that redeploying the police dog was a reasonable amount of force." ECF No. 71 at 2. Buck also raised his *de minimis* argument on appeal, in response to which the Eighth Circuit stated as follows:

> We do not understand the district court to have adopted the alternative basis for the magistrate judge's recommendation to grant summary judgment: that Smith failed to show more than *de minimis* injury. We note that Smith attested that he suffered two puncture wounds, nerve damage, and permanent scarring.

ECF No. 71 at 3 n.1.

Buck has now filed a second motion for summary judgment, arguing that Smith's injuries are *de minimis* and that he is entitled to qualified immunity under *Chambers*. The Court does not agree.

First, it appears to the Court that the Eighth Circuit has already rejected Buck's *de minimis* argument. As noted, Buck raised this argument on appeal, and the Eighth Circuit did not say anything about leaving this issue for determination on remand. To the contrary, the Eighth Circuit noted the issue and then described the extent of Smith's alleged injuries, fairly strongly suggesting that those injuries were more than *de minimis*.

Assuming that this interpretation of the Eighth Circuit's opinion is correct, the Court is not free to contravene that court's implicit holding. *See Lamb Eng'g & Constr. Co. v. Neb. Pub. Power Dist.*, 145 F.3d 996, 998 (8th Cir. 1998) ("Under the law of the case doctrine, the district court was bound on remand to obey the Eighth Circuit's mandate and not to re-examine issues already settled by our prior panel opinion."); *In re MidAmerican Energy Co.*, 286 F.3d 483, 487 (8th Cir. 2002) (court of appeals' mandate encompasses everything decided, whether expressly or by necessary implication).[1]

Even if the Court is mistaken and the issue of *de minimis* injury remains open, the Court agrees with Smith that, viewing the evidence in the light most favorable to him, his injuries were more than *de minimis*. Smith testified that a nurse at the Sherburne County Jail told him that he needed stitches for the dog bite on his thigh, but that Smith declined stitches because he is afraid of needles. Smith Dep. 64-66. Smith also testified that he suffered permanent scarring on his thigh, nerve damage, and emotional distress. Smith Dep. 66-67.

Buck points out that Smith's medical records do not support his claims and that a jail-intake form states that Smith was not in need of any medical attention. Midolo Aff.

---

[1] It is true that "the law-of-the-case doctrine does not preclude a different conclusion if the adjudicator is presented with substantially different evidence." *Hulsey v. Astrue*, 622 F.3d 917, 925 (8th Cir. 2010). As discussed above, however, the new evidence presented in connection with Buck's second summary-judgment motion does not establish as a matter of law that Smith's injuries were *de minimis*.

Ex. 4 at 1-3. Buck further argues that a plaintiff's self-diagnosis is not sufficient to avoid summary judgment.

There is no dispute, however, that Smith suffered a wound to his thigh as a result of the dog bite. The fact that Smith's medical records do not reflect that a nurse advised him to get stitches merely creates an issue of fact; it does not establish as a matter of law that the nurse did *not* advise Smith to get stitches. Viewing the evidence in the light most favorable to Smith, therefore, his injuries were more than the "relatively minor scrapes and bruises" that are considered *de minimis*. *Compare Wertish v. Krueger*, 433 F.3d 1062, 1067 (8th Cir. 2006) ("relatively minor scrapes and bruises" resulting from takedown and handcuffing were *de minimis*), *with Small v. McCrystal*, 708 F.3d 997, 1005-06 (8th Cir. 2013) (three facial lacerations that bled profusely but did not require stitches were more than *de minimis*), *and Copeland v. Locke*, 613 F.3d 875, 881 (8th Cir. 2010) (wrist lacerations from handcuffs were, as a matter of law, not *de minimis*). Buck's motion for summary judgment is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion for summary judgment [ECF No. 97] is DENIED.

Dated: January 7, 2015                              s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge