## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Demone Royelio Smith,                Case No. 12-cv-00163 (PJS/JSM)

          Plaintiff,

v.

Jason Buck,

          Defendant.

---

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE NERVE DAMAGE, PUNCTURE WOUND, AND PERMANENCY TESTIMONY

---

Plaintiff did not disclose any medical experts or expert testimony, but Defendant anticipates Plaintiff will seek to introduce evidence of alleged nerve damage, puncture wounds, and permanent scaring. Any testimony regarding nerve damage, puncture wounds, or permanency in connection with Smith's claimed injuries must be excluded because Smith has not disclosed any medical records or expert testimony regarding the alleged injuries. Fed. R. Civ. P. 37(c)(1); *see Sylla-Sawden v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995) (discussing court discretion to exclude exhibits and witnesses not disclosed); *Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897-98 (8th Cir. 1978) (stating "[t]he power of the trial court to exclude exhibits and witnesses not

disclosed in compliance with its discovery and pretrial orders" is essential to judicial management of the case).

When a party discloses the identity of an expert witness who will provide expert testimony in the case, the disclosure must be accompanied by a written report. Fed. R. Civ. P. 26(a)(2)(B). The report must include:

(i)    a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)    the facts or data considered by the witness in forming them;

(iii)    any exhibits that will be used to summarize or support them;

(iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

The court issued a Scheduling Order on this matter on June 10, 2014. *Doc. 74.* The Order states "all discovery of any kind shall be commenced in time to be completed by [October 1, 2014]." *Id.* Plaintiff has not provided any medical records or expert reports regarding nerve damage, puncture wounds, or permanency as required under Rule 26(a)(2)(B). There is nothing in Plaintiff's medical records regarding an objective determination of nerve damage, puncture wounds, or permanent scaring. The only mention of Plaintiff's injury is from his intake sheet at the Sherburne County Jail, which states "had a dog bite/scratch

him on his upper leg. He tells me it is sore but healing." *Sherburne County Medical Intake Form, p. 3.* Federal courts have held, when examining a plaintiff's injury claim, a plaintiff's self-diagnosis cannot support an injury claim when unsupported by the medical evidence. *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (stating plaintiff's "self-diagnosis alone cannot establish that he does, in fact, suffer from kidney stones and the available medical evidence does not support his self-diagnosis. . . thus, the only evidence that Kayser suffered from kidney stones is his bare assertion."); *see also Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999). Accordingly, Plaintiff cannot offer any medical or expert opinions regarding nerve damage, puncture wounds, or permanent scarring, and testimony regarding these alleged, completely unsupported injuries should be excluded.

IVERSON REUVERS CONDON

Dated: April 9, 2015

By s/Nathan C. Midolo
   Nathan C. Midolo, #0392373
Attorneys for Defendants
9321 Ensign Avenue South
Bloomington, MN 55438
Telephone: (952) 548-7200
nathan@irc-law.com