UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Demone Royelio Smith,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Jason Buck,<br><br>　　　　　　Defendant. | Case No. 12-cv-00163 PJS/JSM<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE** |

Plaintiff submits this Memorandum of Law in Opposition to Defendant's Motions in Limine.

**1. The *Blountt* Case Should Be Admitted to Prove Absence of Mistake or Lack of Accident.**

While issues of motive and intent are arguably irrelevant in a § 1983 case, the *Blountt* case should be admitted to prove absence of mistake or lack of accident. Evidence of a person's character or a trait of character is not admissible to prove that the person acted in accordance with that character or trait on a particular occasion. Fed. R. Evid. 404(a). Yet under Rule 404(b), which applies in both civil and criminal cases, evidence of other crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b); *see also Huddleston v. U.S.*, 485 U.S. 681, 690 (1988) ("The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact . . . by a preponderance of the evidence.").

In *Blountt v. Buck et al.*, the plaintiff claims that he had surrendered with his hands up when Defendant released Diesel on July 22, 2011. In addition, *Blountt* was a high-risk felony scenario where several other officers were present and had Blountt surrounded. Blountt's complaint therefore arose under nearly identical circumstances to the incident for which Defendant is on trial in this case. *See Ismail v. Cohen*, 899 F.2d 183, 188 (2d Cir. 1990) (admitting evidence of police officer's subsequent use of force to show intent and absence of mistake); *cf. Morgan v. City of Marmaduke, Ark.*, 958 F.2d 207, 210 (8th Cir. 1992) (finding no indication that officer used excessive force in subsequent incident plaintiff sought to introduce, and thus affirming district court's ruling that incident was inadmissible).

The probative value of such evidence far outweighs any prejudice that might ensue. This is because the *Blountt* case is critical to the jury's ability to make the correct factual and credibility findings. Moreover, the Court can guard against prejudice to Defendant by cautioning the jury that the *Blountt* case is offered for the sole and limited purpose of establishing absence of mistake or lack of accident.

### 2. The Police Reports Should Be Admitted to the Extent they Incorporate Firsthand Observations of Officers.

Defendant argues that police reports constitute inadmissible hearsay. To the extent to which they incorporate firsthand observations of officers, however, police reports are generally admissible in civil cases. *See United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir.2006) (quoting Fed. R. Evid. 803 advisory

committee's note); *see also Gilmore v. City of Minneapolis*, Civil No. 13-1019 (JRT/FLN), 2015 WL 1189832, at *7 (D. Minn. March 16, 2015) (citing *Ratliff v. City of Shannon Hills*, Case No. 4:13-cv-00167-KGB), 2014 WL 4662327, at *3 (E.D. Ark. Sept. 16, 2014)).  Furthermore, the reports at issue do not contain interviews, which *would* constitute inadmissible hearsay.

Therefore, to the extent the police reports incorporate firsthand observations of officers, they should be admitted at trial.  Defendant's report should also be admitted as an opposing party's statement.  *See* Fed. R. Evid. 801(d)(2).

### 3. Plaintiff Must be Permitted to Testify Regarding the Injuries Defendant Caused.

Defendant seeks to prevent Plaintiff from testifying regarding the injuries caused by the gratuitous force Defendant used after Plaintiff was on his knees with his hands in the air.  If medical tests contradicted Plaintiff's testimony that he suffered from puncture wounds, nerve damage, or permanent scarring, Defendant's motion might be proper.  *See Kayser v. Capari*, 16 F.3d 280, 281 (8th Cir. 1994) (stating that although the plaintiff asserted he suffered from kidney stones, an examination concluded that the kidneys were normal).  Yet Defendant did not exercise its right to have Plaintiff examined by an expert of Defendant's choosing, so no such medical tests exist.  *See* Fed. R. Civ. P. 35(a).

Plaintiff's medical records mention that Plaintiff suffered from a dog bite.  Neither medical nor expert opinion is required for the jury to reach the common-sense conclusion that the dog bite caused puncture wounds, nerve

damage, and permanent scarring. Plaintiff's testimony regarding these injuries is rationally based on his perception and helpful "to determining a fact in issue." Fed. R. Evid. 701.

Thus, Plaintiff must be permitted to testify regarding his injuries.

Dated:  April 15, 2015

    *s/Tim M. Phillips*
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
3249 Hennepin Avenue S, Suite 216
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**